UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 17-2046-MWF (PLAx)                              Date:  June 29, 2017
Title:    Meagan Chamberlain, et al. -v.- LG Electronics U.S.A., Inc., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE DEFENDANTS' MOTION TO COMPEL ARBITRATION [28]

Before the Court is Defendants' Motion to Compel Arbitration, filed on May 18, 2017.  ("the Motion," Docket No. 28).  Plaintiffs filed an Opposition and Defendants filed a Reply.  (Docket Nos. 31, 40).  The Court held a hearing on June 26, 2017.

For the reasons stated below, the Motion is **GRANTED**.  The Court concludes that each of the three states relevant here has adopted the standard announced in *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147 (7th Cir. 1997).  Under that decision, the terms of the arbitration clause, found inside the phone boxes purchased by Plaintiffs, are valid and enforceable.

The Court **DISMISSES** Plaintiffs' claims *without prejudice*.

I.     **BACKGROUND**

This case is brought by eight named Plaintiffs on behalf of a class of similarly situated persons.  Each plaintiff bought a phone produced by Defendant LG Electronics ("LG").  (First Amended Complaint ("FAC") ¶¶ 1–3 (Docket No. 14)).  Plaintiffs allege that the phones contain a defect that causes them to reboot interminably, rendering them inoperable and not fit for any use.  (*Id.* ¶ 1).  The FAC asserts claims on behalf of a national class, a California subclass, a Washington subclass, a Florida subclass, and an Illinois subclass.  (*Id.* ¶ 109).  The FAC makes claims for breach of implied warranty, violations of the Magnuson-Moss Warranty Act, violations of the Song-Beverly Consumer Warranty Act, violations of California's Unfair Competition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-2046-MWF (PLAx)            Date: June 29, 2017
Title:      Meagan Chamberlain, et al. *-v.-* LG Electronics U.S.A., Inc., et al.

Law, violations of Washington's Consumer Protection Act, violations of Florida's Deceptive and Unfair Trade Practices Act, violations of Illinois's Consumer Fraud and Deceptive Business Practices Act, and unjust enrichment. The eight named Plaintiffs are citizens of seven states: California, Florida, New York, Washington, Texas, Tennessee, and Illinois.

      Each of the phones purchased by Plaintiffs came in a box containing documentation, including those related to LG's Limited Warranty. (Declaration of Young Ju Ha, Ex. 3, Docket No. 28-7, at 41). The Limited Warranty Statement contained the following language:

> ARBITRATION NOTICE: THIS LIMITED WARRANTY CONTAINS AN ARBITRATION PROVISION THAT REQUIRES YOU AND LG TO RESOLVE DISPUTES BY BINDING ARBITRATION INSTEAD OF IN COURT, UNLESS YOU CHOOSE TO OPT OUT. IN ARBITRATION, CLASS ACTIONS AND JURY TRIALS ARE NOT PERMITTED. PLEASE SEE THE SECTION TITLED "PROCEDURE FOR RESOLVING DISPUTES" BELOW.

(*Id.*). The section entitled "Procedure for Resolving Disputes" in turn states:

> ALL DISPUTES BETWEEN YOU AND LG ARISING OUT OF OR RELATING IN ANY WAY TO THIS LIMITED WARRANTY OR THE PRODUCT SHALL BE RESOLVED EXCLUSIVELY THROUGH BINDING ARBITRATION, AND NOT IN A COURT OF GENERAL JURISDICTION.

(*Id.*). In addition, the arbitration clause can be found on LG's website as a stand-alone document and in the online User Guide for each device. (*Id.* ¶ 3). The arbitration clause allowed any purchaser to opt out of the provision "within 30 days from the date"

---

**CIVIL MINUTES—GENERAL**                      2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-2046-MWF (PLAx) | Date:  June 29, 2017 |
| Title:     Meagan Chamberlain, et al. -v.- LG Electronics U.S.A., Inc., et al. | |

of purchase by sending LG an email or calling a toll-free number.  (*Id.*, Ex. 3 at 47–48).

>The arbitration provision further defined "dispute" or "claim" to include:
>
>Any dispute, claim or controversy of any kind whatsoever (whether based in contract, tort, statute, regulation, ordinance, fraud, misrepresentation or any other legal or equitable theory) arising out of or relating in any way to the sale, condition or performance of the product or this Limited Warranty.

(*Id.*).  The provision further provided that:

>Any dispute between you and LG shall not be combined or consolidated with a dispute involving any other person's or entity's product or claim.  More specifically, without limitation of the foregoing, any dispute between you and LG shall not under any circumstances proceed as part of a class or representative action.

(*Id.*).

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires the district courts to compel arbitration on all claims subject to arbitration agreements.  *See Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426 (2017) ("The FAA makes arbitration agreements 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" (quoting 9 U.S.C. § 2)); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." (citing 9 U.S.C. §§ 3, 4)).  Courts have

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-2046-MWF (PLAx) | Date: June 29, 2017 |
| Title: Meagan Chamberlain, et al. -v.- LG Electronics U.S.A., Inc., et al. | |

developed a "liberal federal policy favoring arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

Every arbitration agreement is, of course, subject to generally applicable contract defenses, such as unconscionability. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) ("It is well-established that unconscionability is a generally applicable contract defense, which may render an arbitration provision unenforceable."). But because the FAA favors arbitration, the burden is on the plaintiff to prove that the arbitration agreement is, in fact, unconscionable. *See Mortensen v. Bresnan Commc'ns*, LLC, 722 F.3d 1151, 1157 (9th Cir. 2013) ("[T]hose parties challenging the enforceability of an arbitration agreement bear the burden of proving that the provision is unenforceable."). And even if the plaintiff meets that burden, the district court has the discretion to sever the unconscionable portions of the arbitration provision (if severance will cure the unconscionability). *See Lara v. Onsite Health, Inc.*, 896 F. Supp. 2d 831, 847 (N.D. Cal. 2012) (severing problematic portions of the arbitration provision and compelling arbitration); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 122, 99 Cal. Rptr. 2d 745 (2000) (holding that severance is proper unless the arbitration agreement contains more than one unlawful provision and is "permeated by an unlawful purpose"). Parties may "agree to limit the issues subject to arbitration" and "to arbitrate according to specific rules." *Concepcion*, 563 U.S. at 345.

## III. ANALYSIS

Defendants argue that the arbitration clause quoted above is binding and prohibits Plaintiffs' class claims from proceeding.

Plaintiffs' Opposition is quite limited. Plaintiffs concede that five of the eight named Plaintiffs' claims must be arbitrated because the phone boxes stated that an arbitration clause could be found inside. Accordingly, the Court **GRANTS** the Motion with respect to these five Plaintiffs' claims.

With respect to the three remaining named Plaintiffs, the Opposition asserts that no arbitration agreement was formed between Defendants and those Plaintiffs, who all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-2046-MWF (PLAx) | Date: June 29, 2017 |
| Title: Meagan Chamberlain, et al. -v.- LG Electronics U.S.A., Inc., et al. | |

purchased an LG G4 phone. In addition, Plaintiffs argue that these three Plaintiffs are not suing on the contract with the arbitration provision because they are not alleging breach of express warranty. The three relevant Plaintiffs—Rosalene Mullins, Laura Lane, and Edward Pistorio—purchased their phones in New York, Washington, and Florida. Each of these three Plaintiffs submits (nearly identical) declarations stating that a phone salesman removed the phone from its box, activated it, and handed the phone to them while placing the phone's box and associated paperwork in a bag that was also given to them. (Declarations of Pistorio, Lane, and Mullins, Docket Nos. 31-1, 31-4, 31-6). They say they did not look at that paperwork when they got home or at any point until the filing of this suit. (*Id.*).

Plaintiffs make no arguments concerning the substantive provisions of the arbitration agreement; their arguments concern only contract formation issues.

The three Plaintiffs have come forward with evidence that the phone boxes they purchased did not, on the outside of the box, reference any arbitration agreement inside the box. (*See* Declaration of Edward Pistorio, ¶¶ 6–7, Exs. A,B; Declaration of Laura Lane, ¶ 7, Ex. A; Declaration of Rosalene Mullins, ¶ 7, Ex. A). Defendants seem willing to acknowledge that these three Plaintiffs purchased phones that came in boxes without any reference to arbitration on the outside of the box. (Reply at 1).

### A. *Hill v. Gateway 2000, Inc.*

Defendants maintain that arbitration is still required under the decision in *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147 (7th Cir. 1997). In that case, the Seventh Circuit held that an arbitration clause found in documents placed inside a computer box was binding on purchasers. *Id.* at 1150–51. The plaintiffs had each purchased a computer over the phone and received a box in the mail. Once purchased, the computer could be returned in 30 days. The plaintiffs had no way of knowing the content of the arbitration agreement prior to purchasing the computer and opening the box, other than to ask the defendant for a copy or look up the agreement on defendant's website. Ultimately, the Seventh Circuit concluded that a prior case's holding—"that terms inside a box of software bind consumers who use the software after an opportunity to read the terms and to reject them by returning the product"—applied with equal force

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-2046-MWF (PLAx) | Date:  June 29, 2017 |
| Title:      Meagan Chamberlain, et al. -v.- LG Electronics U.S.A., Inc., et al. | |

to the plaintiff's arbitration agreement.  *Id.* (citing *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996)).  The court also noted that the Supreme Court had found invalid any laws that require that an arbitration clause be prominent.  *Id.* at 1148 (citing *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681 (1996)).  At the hearing, Plaintiffs' counsel argued that *ProCD* involved a product that had notice on the outside of the "box," as opposed to this case.  But the Court does not read *ProCD* or *Hill* to *require*  notice on the outside of the box.

All parties agree that the law of the state in which the phones were purchased controls here.  Defendants argue that the *Hill* decision has been accepted by the courts of New York, Washington, and Florida, and thus is binding on this Court.

### B.     New York Law

In *Brower v. Gateway 2000, Inc*., 246 A.D.2d 246, 251 (1998), New York's Appellate Division of the Supreme Court stated that it "agree[d]" with *Hill*'s rationale concerning the formation of a contract 30 days after purchase of the product without a return; the *Brower* case concerned the exact same arbitration clause as in *Hill*.  The court noted that after 30 days "the consumer has presumably examined and even used the product(s) and read the agreement" contained inside.  *Id.* at 251.  The court concluded that *Hill* was not "contrary to New York law."  *Id.*

The *Brower* decision has been cited by the Second Circuit for the proposition that a "buyer assent[s] to arbitration clause shipped inside box with computer and software by retaining items beyond date specified by license terms."  *Specht v. Netscape Commc'ns Corp*., 306 F.3d 17, 33 (2d Cir. 2002).  Other New York courts have recognized that *Brower* approves of the use of "cash now, terms later" contracts, and that in such situations "[a] contract results when the package is opened and the consumer uses the equipment for a specified period of time which is set forth in the written agreement."  *Licitra v. Gateway, Inc.*, 734 N.Y.S.2d 389, 390 (Civ. Ct. 2001).  The New York courts have also rejected "conspicuousness" challenges to contractual terms found within a product's box in other cases.  *See, e.g.*, *Scott v. Bell Atl. Corp.*, 282 A.D.2d 180, 185 (2001) (complaint didn't allege that plaintiffs had failed to read

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-2046-MWF (PLAx)                      Date:  June 29, 2017
Title:      Meagan Chamberlain, et al. -v.- LG Electronics U.S.A., Inc., et al.

the arbitration clause, and case law barred claims based on location and conspicuousness, citing to *Hill* and *Brower*).

Reviewing this case law, the Court agrees with Defendants that New York law has adopted *Hill*'s rationale.  If it weren't enough that the New York courts upheld the exact same arbitration agreement analyzed in *Hill*, subsequent cases have made clear that New York recognizes contract acceptance after a purchaser does not return a product within a specified period of time.  The New York Court of Appeals has not definitively ruled on the issue, but the Court has no reason to conclude that it would not adopt *Hill*.

      C.      <u>Washington Law</u>

The Washington Supreme Court has ruled that "a limitation on consequential damages enclosed in a 'shrinkwrap license' accompanying computer software is enforceable against the purchaser of the licensed software."  *M.A. Mortenson Co. v. Timberline Software Corp.*, 140 Wash. 2d 568, 582–83, 988 P.2d 305 (2000).  The court stated it found the "approach of the *ProCD*, *Hill*, and *Brower* courts persuasive and adopt it."  *Id.* at 583–84.

In ruling on Amazon's condition of use, the Second Circuit relied on *Mortenson* and concluded that Washington had adopted the reasoning of *Hill*.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 232 (2d Cir. 2016).  In that case, the Second Circuit analyzed Washington law to determine whether an arbitration agreement found in Amazon's conditions of use was enforceable.  The Second Circuit held that Washington had accepted the rationale of *Hill* and has "upheld the validity of shrinkwrap agreements, endorsing the view that '[n]otice on the outside, terms on the inside, and a right to return the software for a refund if the terms are unacceptable . . . may be a means of doing business valuable to buyers and sellers alike.'"  *Id.* at 232 (quoting *Mortenson*, 140 Wash. 2d at 582–83).

Citing the *Mortenson* decision, a district court in Washington recently held that "Washington law permits 'shrink-wrap' contracts contained within a product box, even if the consumer did not admit to reading that contract."  *Schmidt v. Samsung Elecs.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-2046-MWF (PLAx)                    Date:  June 29, 2017
Title:      Meagan Chamberlain, et al. -v.- LG Electronics U.S.A., Inc., et al.

*Am., Inc.*, 2017 WL 2289035, at *2 (W.D. Wash. May 25, 2017).  The district court there went on to state, "Just like in *Mortensen*, Plaintiffs could have opened the box to find the agreement, read and disagreed with the terms, and then returned the device (or opted out)."  *Id.* at *3.  At the hearing, Plaintiffs' counsel attempted to distinguish *Schmidt* because the documents in the box in that case were labeled as "important terms," which counsel claims makes it more obvious that a bilateral contract might be contained inside.  But the Court does not believe this distinction was material to the outcome in that case, or that it necessarily means *Hill* has not been adopted.  As the Court stated above, although some small factual differences may exist between this case and other cases ordering arbitration, the result should not be different.

Reviewing this case law, the Court agrees with Defendants that Washington has adopted the rationale of *Hill*.

### D.      Florida Law

Federal courts in Florida have recognized that in "Florida and the federal circuits, shrinkwrap and clickwrap agreements are valid and enforceable contracts."  *See, e.g.*, *Salco Distributors, LLC v. iCode, Inc.*, 2006 WL 449156, at *2 (M.D. Fla. Feb. 22, 2006) (citing *Management Computer Controls, Inc. v. Charles Perry Constr., Inc.*, 743 So. 2d 627, 631–32 (Fla. Dist. Ct. App. 1999); *ProCD*, 86 F.3d at 1449)).

In *Williams v. Metropcs Wireless, Inc.*, 2010 WL 1645099, at *6 (S.D. Fla. Apr. 21, 2010), the district court applied Florida law and determined that an arbitration clause found in terms and conditions of cell phone service was enforceable, even though the terms were not given to the customer until after she purchased the product.  Citing *Hill*, the court concluded that the plaintiff "accepted the benefits by her continued use of MetroPCS's services after receiving the Terms and Conditions, signaling her acceptance of the MetroPCS offer."  *Id.*

Reviewing this case law, the Court agrees with Defendants that Florida has accepted the *Hill* decision and its rationale.

### E.      Applicability to Plaintiffs' Claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-2046-MWF (PLAx) | Date:  June 29, 2017 |
| Title:       Meagan Chamberlain, et al. *-v.-* LG Electronics U.S.A., Inc., et al. | |

The parties dispute the relevance of the Ninth Circuit's recent decision in *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1290 (9th Cir. 2017).  The Ninth Circuit affirmed the denial of a motion to compel arbitration regarding an arbitration clause contained in the terms and conditions for a cell phone.  The court concluded that "California courts have not adopted the principle set forth in *Hill*, but have made clear that silence alone does not constitute assent."  *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1290 (9th Cir. 2017).

Were Plaintiffs' claims being tried under California law, *Norcia* would be binding and would easily dispose of Defendants' Motion.  But Plaintiffs' remaining claims are not made under California law, and the Court has already concluded that the relevant states' laws have adopted *Hill* and allow for assent through silence.  The Ninth Circuit's analysis of California law is not binding on this Court's analysis of New York, Washington, and Florida law.

Having concluded that *Hill* applies, the Court agrees with Defendants that Plaintiffs have assented to the arbitration clause here.  As discussed above, the clause stated, "If you keep this product and do not opt out, then you accept all terms and conditions of the arbitration provision described above." (Ha Decl., Ex. 3 at 48).  In response, Plaintiffs argue that the *Restatement (Second) of Contracts* should apply to this case. (Opposition at 4).  But the *Restatement* states that silence or inaction may operate as an acceptance where "the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction." *Restatement (Second) of Contracts* § 69.  At the hearing, Plaintiffs' counsel repeated the argument concerning the Restatement.  Because the Court concludes that Plaintiffs were on notice of the terms and conditions of the agreement upon opening the box, the Court rejects that argument.

The state-specific law discussed above makes clear that each of the three states recognizes that shrinkwrap or "in-the-box" agreements, such as Defendants', can be accepted through silence or inaction.  The agreement here, which could be found inside the box of the product, gave Plaintiffs 30 days to return the product or opt out of the arbitration clause.  Plaintiffs chose to keep the phones without opting out.  As a result,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-2046-MWF (PLAx) | Date: June 29, 2017 |
| Title: Meagan Chamberlain, et al. *-v.-* LG Electronics U.S.A., Inc., et al. | |

the Court agrees with Defendants that Plaintiffs have assented to the agreement found inside the box, including the arbitration clause. *Cf. Hill*, 105 F.3d at 1148 ("Terms inside Gateway's box stand or fall together.").

The only basis for distinguishing the facts here from those in *Hill* is that the outside of the box contained neither the arbitration clause nor a statement that more terms could be found inside. The *Hill* court acknowledged that those facts weighed in favor of arbitration. *Id.* at 1150. But ultimately, the holding did not turn on those facts: "[A] vendor may propose that a contract of sale be formed, not in the store (or over the phone) with the payment of money or a general 'send me the product,' but after the customer has had a chance to inspect both the item and the terms." *Id.* at 1150. At the hearing, Plaintiffs' counsel again argued that the facts in this case are different than those in *Hill*. While the Court agrees that the facts are not identical, the distinctions are not material to the outcome of the case. Upon opening the phone boxes, each of the Plaintiffs were confronted with the materials and were put on notice as a result. Also at the hearing, Plaintiffs' counsel made clear that Plaintiffs do not ask for a rule that applies only to arbitration clauses, as opposed to other contractual provisions, which would clearly violate Supreme Court law and the FAA. The Court understands Plaintiffs' arguments and does not base its decision on that doctrine. Instead, the Court concludes that Plaintiffs had notice of the existence of the terms upon opening the phone boxes, and assented to those terms by not taking action within thirty days.

Of course, a state could choose to adopt a rule that contracts require notice on the outside of the box. The case law cited above, however, does not seem based on notice on the outside of the box. Rather, the case law seems to display the same reasoning as did *Hill*. Therefore, the lack of notice on the box seems a distinction that does not make a difference.

The Court therefore concludes that Plaintiffs were on proper notice of the terms in the arbitration clause, and that Plaintiffs assented to those terms by failing to return their phones or opt out of the arbitration agreement within the required time frame.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-2046-MWF (PLAx)          **Date:** June 29, 2017
**Title:** Meagan Chamberlain, et al. *-v.-* LG Electronics U.S.A., Inc., et al.

In addition, Plaintiffs' allegations make clear that they were aware of the terms associated with Defendants' warranty. The FAC alleges that the warranty period is one-year, that the phones manifested defects both during and outside the warranty period, and that LG publicly acknowledged the phone's warranty in 2016. (FAC ¶¶ 2, 96, 98, 102, 107). Plaintiffs' familiarity with the warranty and its terms further supports the Court's conclusion that Plaintiffs were on notice of the terms and the associated arbitration agreement.

Plaintiffs briefly argue against Defendants' "alternative argument" that arbitration be compelled because Plaintiffs "are seeking relief based on the warranty document that contains LG's arbitration clause". (Opposition at 15). To the extent Plaintiffs contend that their allegations concerning the warranty should have absolutely no bearing on the Court's decision, that contention is rejected. To the extent this section of Plaintiffs' Opposition merely repeats arguments made earlier, those arguments are again rejected. At hearing, Plaintiffs' counsel again argued that the fact the pleadings refer to the warranty should have no bearing on the outcome of the case. But the Court has found no case law stating as much, and there is no obvious reason why that should be true.

## IV. CONCLUSION

Defendants' Motion to Compel Arbitration is **GRANTED**.

The parties did not address the question of whether this case should be stayed or dismissed. "The FAA provides for a stay of proceedings pending arbitration, but the Ninth Circuit has held district courts may compel arbitration and dismiss the action, rather than stay it, where all claims asserted are subject to arbitration." *Zeif v. Cintas Corp. No 2*, 2013 WL 12147757, at *4 (C.D. Cal. Apr. 15, 2013) (citing 9 U.S.C. § 3; *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988)); *see also Dist. Council 16 Int'l U. of Painters and Allied Trades v. LML Enters., Inc.*, 2013 WL 3802903, at *1 (N.D. Cal. July 18, 2013) ("[C]ourts have discretion under 9 U.S.C. § 3 to dismiss or stay claims that are subject to an arbitration agreement.").

Accordingly, the Court **DISMISSES** Plaintiffs' claims *without prejudice*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-2046-MWF (PLAx)            **Date:** **June 29, 2017**

**Title:**     Meagan Chamberlain, et al. *-v.-* LG Electronics U.S.A., Inc., et al.

    This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

    IT IS SO ORDERED.